CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 28 2011

JULIA C. DUDLEY, CLERK
BY:
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL JOSEPH SMARR, | ) | CASE NO. 7:11CV00599 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| MR. STAPLES, ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

Michael Joseph Smarr, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that while he was an inmate at the Appomattox County Jail, the defendant jail officials failed to provide him with treatment for his previously diagnosed mental and medical health problems. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Smarr alleges the following sequence of events on which he bases his claims. In March 2011, Smarr wrote a request to jail officials, asking to be seen by a doctor with regard for the following conditions from which he suffers: hyperthyroidism, post traumatic stress disorder, anxiety panic disorder, agoraphobia, degenerative disc disease, and depression. Sergeant Vicky Norman also spoke with Smarr in person about his grievance. She told him that his problems sounded like preexisting conditions and that he would need some money to see a doctor about them. Smarr filed another written grievance. In response, Captain Berry Letterman spoke with Smarr and told him that if he wanted to be seen by a jail doctor, jail officials would transfer him to Lynchburg Blue Ridge Regional Jail. The captain also said that if Smarr wished to remain in Appomatox County, he "would leave the issue alone."

In June 2011, Smarr again asked Appomatox County Jail officials to be seen by a doctor, because he was suffering from emotional stress and "anxiety panic attacks" and he had run out of his hyperthyroidism medication. Officials again told him that to seen by a doctor, he would need to be transferred to the jail in Lynchburg, but if he wanted to stay in the Appomatox facility, he would "leave the issue alone." Smarr did not receive the requested medical attention for his stated conditions until he was transferred to a state prison facility in July 2011.

Smarr claims that because Appomatox jail officials refused him medical attention based on his lack of funds, his hyperthyroidism and his mental health went untreated. He seeks monetary damages.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer v. Brennan,

2

511 U.S. 825, 834 (1994). The subjective component is met if a prison official is "deliberately indifferent," that is if he "knows of and disregards an excessive risk to inmate health or safety" and fails to respond reasonably to that risk. Farmer, 511 U.S. at 837.

Smarr's allegations fail to state any constitutional claim here against the jail officials. For purposes of this opinion, the court will assume without finding that Smarr had a serious medical need to be seen by a doctor for one or more of his stated medical and mental health conditions. Smarr's allegations do not support a claim that the defendant jail officials were deliberately indifferent to his problems, however. They allowed him to continue taking the hyperthyroid medication previously prescribed to him. Furthermore, when he asked to see a doctor about his mental health conditions and getting his medications renewed, officials offered him two options for obtaining such medical attention. First, if he had money to pay his own medical bills, they would arrange for him to be seen by a doctor outside the jail setting. Smarr says that he did not have the money for this option. As a second option, jail officials told Smarr that if he wanted to be seen by a jail doctor, he could make such a request and he would be transferred to the Lynchburg jail facility where a doctor was available for inmates.

Smarr does not indicate that he made a request for a transfer in order to receive the medical treatment offered, choosing instead to remain at the Appomatox facility without access to a doctor. Clearly, he cannot hold jail officials liable under § 1983 for a choice that he himself made. Finding no support for a claim of deliberate indifference to a serious medical need, the court will dismiss Smarr's complaint without prejudice, pursuant to § 1915A(b)(1), legally frivolous. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 28th day of December, 2011.

*/s/ James C. Turk*
Senior United States District Judge